BOSTON DUCK COMPANY *vs.* ALONZO N. DEWEY.

In an action for goods sold and delivered to the defendant, the defendant may prove that the goods were sold and delivered to a third person, and that the defendant's promise to pay for them was merely collateral; without pleading the statute of frauds.

ACTION OF CONTRACT for goods sold and delivered to the defendant. At the trial in the court of common pleas, after the plaintiffs had introduced evidence tending to show that the goods were delivered to one Green on the defendant's account, and that the defendant promised to pay for them, the defendant offered evidence tending to show that the goods were sold and delivered to Green, and that the defendant's promise to pay for them was merely collateral to Green's liability. But *Mellen,* C. J. ruled that, as the defendant had not pleaded the statute of frauds, it was not open to him to prove that the goods were sold and delivered to a third person. The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*W. G. Bates,* for the defendant.

*R. A. Chapman,* for the plaintiffs, cited *St.* 1852, *c.* 312, §§ 14, 18; *Granger* v. *Ilsley,* 2 Gray, 521; *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541.

DEWEY, J. The declaration alleged a sale directly to the defendant; and, to maintain the action, the fact that the defendant was the purchaser must be established. If the sale was shown by the evidence to be a sale to Green, of course this action must fail. Had the plaintiffs instituted their action against the defendant upon an alleged promise by him to pay a debt of Green's arising from a sale of goods to Green, the defendant must in his answer have denied that he ever made any written promise, and set up a defence under the statute of frauds. But where the plaintiffs' case, as stated in their declaration, is limited to a promise to pay for goods sold and delivered to the defendant himself, it is certainly otherwise. If it be shown by the evidence that the sale was made to a third person, it would not be competent for the plaintiffs then to resort to evidence tending to show

that the defendant had made a collateral promise to pay the debt thus created by such third person. No occasion would exist for stating in the answer of the defendant that such promise was not in writing and was therefore invalid by reason of the statute of frauds, as the declaration alleges no promise to pay the debt of a third person. *Exceptions sustained.*